```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

IN RE

THE CELOTEX CORP. and CAREY
CANADA, INC.,

        Debtors.

_____/

SOUTHERN WESLEYAN UNIVERSITY

        Appellant,

v.                              Case No. 8:10-cv-2360-T-33
                                Bankr. No. 8:90-bk-10016-PMG

FRANK ANDREWS, SHARON M.
MEADOWS, JAMES W. STEVENS,
and ASBESTOS SETTLEMENT TRUST,

        Appellees.

_____/

**ORDER**

      This matter comes before the Court pursuant to Appellees' Motion to Strike Exhibits (Doc. # 18) filed on February 14, 2011. Appellant filed a response (Doc. # 23) on March 30, 2011. For the reasons that follow, the Court grants the Motion in part and denies it in part.

**I.**    **Background**

      This dispute arises from an appeal of the bankruptcy court's Order Granting Appellees' Motion to Dismiss (B.R. Doc. # 48), entered on April 6, 2010. Southern Wesleyan filed its Notice of Appeal (Doc. # 1-1; B.R. Doc. # 50) on April 20,

2010, and its Memorandum in Support of Appeal (Doc. # 11) on December 16, 2010. The Memorandum includes two exhibits: (1) an order entered in <u>Central Wesleyan College v. W.R. Grace & Co.</u>, No. 2:87-1860-8 (D.S.C. Dec. 3, 2010) and (2) a brief filed in <u>Michigan State University v. Asbestos Settlement Trust</u>, No. 8:09-cv-2444-T-17 (M.D. Fla. Jan. 22, 2010).

On February 14, 2011, Appellees filed their Motion to Strike Exhibits (Doc. # 18), in which they seek an order striking the exhibits because they were not before the bankruptcy court in its consideration of the motion to dismiss, or part of the record below. Southern Wesleyan filed its response in opposition to the Motion (Doc. # 23) on March 30, 2011, arguing that Exhibit 1 is merely citation to legal authority and Exhibit 2 is a brief previously submitted to the Court. This Order does not address the merits of the underlying bankruptcy appeal but rather resolves Appellees' Motion to Strike.

**II.  <u>Analysis</u>**

Federal Rule of Bankruptcy Procedure 8006 governs the form in which the parties designate the record for appeal: "The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and

conclusions of law of the court." Generally, the parties may not supplement the record on appeal with materials that were not part of the record before the bankruptcy court. <u>In re CPDC, Inc.</u>, 337 F.3d 436 (5th Cir. 2003).

The Court notes that Exhibit 1 is an unpublished opinion from the South Carolina District Court. Because it is merely legal authority, Exhibit 1 should not be stricken. However, Exhibit 2 is a brief that was not part of the record in the bankruptcy court proceedings and therefore outside the scope of this Court's review. Exhibit 2 should thus be stricken.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that**:**

Appellees' Motion to Strike Exhibits (Doc. # 18) is **GRANTED** as to Exhibit 2 and **DENIED** as to Exhibit 1 of Southern Wesleyan's Memorandum in Support of Appeal.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>25th</u> day of July, 2011.

                                      VIRGINIA M. HERNANDEZ COVINGTON
                                      UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record